**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000552
03-OCT-2013
08:31 AM**

NO. CAAP-13-0000552

THE ESTATE OF JONG IN JOO, DECEASED

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(PROBATE NO. 06-1-0412)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Application-Respondents/ Petitioners/Appellants Young Kyoung Ju, Kyu Ho Ju, Ran Kyoung Ju (Appellants) have asserted from the Honorable Karl K. Sakamoto's April 30, 2013 Judgment, because it is not independently appealable under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012), Rule 34(a) of the Hawai'i Probate Rules (HPR), and Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP).

HRS § 641-1(a) expressly authorizes appeals from civil circuit court final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The relevant rule of the probate court, HPR Rule 34(a), provides as follows.

> RULE 34. ENTRY OF JUDGMENT, INTERLOCUTORY ORDERS, APPEALS
> (a) Entry of Judgment. All formal testacy orders, orders of intestacy and determination of heirs, orders establishing conservatorship and/or guardianship, and orders establishing protective arrangements shall be reduced to judgment and the judgment shall be filed with the clerk of the court. Such judgments shall be final and immediately appealable as provided by statute. Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure.
> (b) Interlocutory Orders. In order to appeal from any other order prior to the conclusion of the proceeding, the order must be certified for appeal in accordance with Section 641-1(b) of the Hawai'i Revised Statutes.

(c) Final Judgment Closing Proceeding. At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable.

(d) Appeals. Final judgments as to all claims and parties, certified judgments, certified orders, and other orders appealable as provided by law may be appealed pursuant to the Hawai'i Rules of Appellate Procedure applicable to civil actions.

HPR Rule 34 (emphasis added). HPR "Rule 34 is written to conform probate practice to the policy against piecemeal appeals, see, e.g., Jenkins v. Cades Schutte Fleming & Wright, 76 Haw. 115, 869 P.2d 1334, 1994 Haw. LEXIS 19 (1994), to bring certainty to the timing of when and how an appeal can be taken, and to comply with the provisions of HRS § 641-1." Commentary to HPR Rule 34 in Michie's Court Rules (2013). Under the holding in Jenkins, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. Furthermore, whenever HRCP Rule 54(b)-certification is necessary, "a party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994).

Although the circuit court (rather than the probate court) entered the April 30, 2013 Judgment, HPR Rule 20(f) provides that whenever a probate court assigns a contested matter to the circuit court civil calendar, "[a]n order resolving the issues in a contested matter shall be reduced to judgment in accordance with Rule 34 of these rules and may be appealed as provided therein."

The April 30, 2013 Judgment stemmed from the April 12, 2013 order granting Appellee's motion for summary judgment on Appellants' petition to transfer the case from an informal to a formal probate proceeding and for other relief. The April 30, 2013 Judgment does not, on its face, either expressly resolve all claims in Probate No. 06-1-0412, which was initiated by Appellee's application for informal appointment of personal representative in an informal intestacy proceeding, and does not contain the finding necessary for HRCP Rule 54(b) certification. The April 30, 2013 Judgment did not finally end all of the proceedings in Probate No. 06-1-0412, which appear to be ongoing, and, thus, under the requirements for an appealable HPR Rule 34 judgment, the April 30, 2013 Judgment would be appealable only if it were "certified for appeal in the manner provided by Rule 54(b) of the Hawai'i Rules of Civil Procedure." HPR Rule 34(a).

Although common law exceptions to the final judgment requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine (the Forgay doctrine) and the collateral order doctrine, the April 30, 2013 judgment does not satisfy all of the requirements for appealability under the Forgay doctrine or the collateral order doctrine. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine).

-3-

Consequently, the April 30, 2013 Judgment is ineligible for appellate review under HRS § 641-1 and HPR Rule 34(a). Absent an appealable final judgment, this appeal is premature, and we lack appellate jurisdiction over this case.

THEREFORE, IT IS HEREBY ORDERED that this case is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 3, 2013.


Chief Judge


Associate Judge


Associate Judge